IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLU VICTOR ALONGE, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-25-282-R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

## REPORT AND RECOMMENDATION

Olu Victor Alonge, a federal inmate appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[1] Petitioner originally filed his petition in the United States District Court for the Central District of California, but that court transferred the matter to this Court, understandably, because Petitioner was housed here on the date of the transfer order. Doc. 4. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. The undersigned recommends that the Court transfer and return this action to the United States District Court for the Central District of California.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.  Petitioner's claims.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] He states in his petition that he "was sentenced to 120 months . . . with a projected release date of October 6, 2026." *Id.* at 1. He contends that he has "maintained a minimum recidivism risk [throughout] the course of his incarceration, and [participated] in programming activities through which he . . . earned sufficient FSA credits to qualify for release in accordance with the FSA Act." *Id.* He states that he was "released by F.C.I. Victorville II," but "after one[] month in the halfway house[,] he was [rearrested] by the United States Marshals and [informed] that his FSA credits [were] revoked and returned . . . to prison." *Id.* He alleges that he was removed from the halfway house pursuant to a "BOP policy [promulgated] on Jan. 30, 2025" in which "[i]nmates

---

[2]    Petitioner styles his petition as an emergency motion for relief from unconstitutional imprisonment and he does not specify whether he seeks habeas relief.  *See* Doc. 1. However, the relief that Petitioner seeks can only be granted through a habeas action. S*ee Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section [] 2241 is a vehicle for challenging pretrial detention, . . . , or for attacking the execution of a sentence."). Therefore, the Court liberally construes Petitioner's "emergency motion" as a habeas petition under 28 U.S.C. § 2241. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") (citation omitted).

with [i]mmigration [d]etainers are ineligible to be transferred to RRC/HC." *Id.* at 2. He requests the Court to "order the United States Marshals[] and BOP to immediately transfer Petitioner back to [a] RRC/HC" and "prevent further abuse by the BOP [frivolously] denying inmates . . . [FSA] credit time reduction." *Id.* at 1.

## II.     Discussion.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). This applies to habeas petitions, like Petitioner's, that challenge the prison's alleged withholding of earned-time credits. *See* Doc. 1 (describing nature of claims); *see Queen v. Nalley*, 250 F. App'x 895, 896 (10th Cir. 2007) (explaining, in application for habeas relief from "the loss of good-time credits," that the United States District Court of the District of Kansas "lacked jurisdiction over [the] application" because "[i]t was undisputed that [the petitioner] was incarcerated in Illinois when he filed his application in Kansas").

"[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *see also Smith v. Campbell,* 450 F.2d 829, 834 (9th Cir. 1971)

(holding that a "district court had jurisdiction to determine the merits of" a 28 U.S.C. § 2241 petition because "[t]he subsequent involuntary removal of the petitioner from the district does not defeat that jurisdiction when those having present custody of the petitioner are subject to the process of the court").

Petitioner is confined in Victorville Medium II Federal Correctional Institution (FCI)[3], a facility located within the territorial jurisdiction of the Central District of California. *See* 28 U.S.C. § 84(c) ("The Central District comprises 3 divisions" and "[t]he Eastern Division comprises the counties of Riverside and San Bernardino.").[4] And Petitioner filed his petition while confined in Victorville. *See* Doc. 1. Petitioner was transferred to the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma,[5] but Petitioner has

---

[3] FCI Victorville Medium II is in Victorville, California. *See* https://www.bop.gov/locations/institutions/vvm/ (last visited Mar. 10, 2025).

[4] Petitioner's incarceration status is confirmed by the Bureau of Prison's inmate locater. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (BOP Register #71545-019) (last visited Mar. 10, 2025).

[5] The order transferring Petitioner's petition to this Court refers to "FCI Oklahoma." *See* Doc. 4, at 2. However, the Federal Correctional Institution in Oklahoma is located in El Reno, Oklahoma (FCI El Reno). *See* https://www.bop.gov/locations/institutions/ere/ (last visited Mar. 10, 2025). Therefore, the Court presumes that the Central District of California's order refers to the FTC Oklahoma in Oklahoma City, Oklahoma.

returned to FCI Victorville Medium II since the transfer to this Court. *See* Federal Bureau of Prisons Inmate Locator (BOP Register #71545-018=9).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. It is within this Court's discretion to determine whether transfer would be in the interest of justice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). "Sole venue for a 28 U.S.C. § 2241 habeas corpus petition is the judicial district where petitioner is held." *Gomez v. Yazoo City USP*, No. CIV-24-600-D, 2024 WL 3514775 (W.D. Okla. June 20, 2024), *adopted,* No. CIV-24-600-D, 2024 WL 3513819 (W.D. Okla. July 23, 2024). And "[j]urisdiction over § 2241 petitions 'lies in only one district: the district of confinement.'" *Al-Pine v. Richerson*, 763 F. App'x 717, 720 (10th Cir. 2019) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Given that Petitioner's allegations stem from his release from and return to FCI Victorville, this factor weighs in favor of venue lying within the Central District of California.

Petitioner was temporarily confined within the Western District of Oklahoma's territorial jurisdiction. Nevertheless, the Court lacks jurisdiction over Petitioner's claims because he did not file the petition while he was still

in custody of an institution within this Court's territorial jurisdiction. *Pearson v. Wiley*, 241 F. App'x 488, 489 (10th Cir. 2007). The Court concludes that transfer is in the interest of justice.

### III. Recommendation and notice of right to object.

This Court lacks jurisdiction to grant Petitioner habeas corpus relief. The undersigned recommends the Court transfer and return this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court by March 31, 2025, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of March, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE